UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>THONGSOUK THENG LATTANAPHOM;<br>MINH HUYNH,<br><br>    Defendants. | CR. NO. 2:99-00433 WBS<br><br><u>MEMORANDUM AND ORDER RE:</u><br><u>DEFENDANTS' MOTION TO DISMISS</u><br><u>COUNTS TWO, THREE, FIVE, SEVEN,</u><br><u>AND NINE</u> |

----oo0oo----

Defendant Thongsouk Theng "Kevin" Lattanaphom moves to dismiss counts two, three, seven, and nine of the Indictment in this action pursuant to a recent Supreme Court decision, <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). (Docket No. 1646.) Defendant Minh Huynh joined in this motion and additionally asks the court to dismiss count five--a count on which Huynh, but not Lattanaphom, was convicted. (Docket Nos. 1648, 1657.)

1

I.   Factual & Procedural History

The government charged Lattanaphom, Huynh, and several other defendants with conspiracy to commit a robbery affecting interstate commerce, 18 U.S.C. § 1951(a) (counts one, four, six, and eight); use of a firearm during a crime of violence, 18 U.S.C. § 924(c) (counts two, five, seven, and nine); and death caused by use of a firearm during a crime of violence and aiding and abetting, then-numbered 18 U.S.C. §§ 924(i)(1)-(2) (count three). (Indictment (Docket No. 1).)  Lattanaphom was not charged with counts four or five.  A jury found defendants guilty of all charges. (See Docket Nos. 1413, 1525.)  This court sentenced Lattanaphom to life plus 540 months and Huynh to life plus 780 months. (Id.)

On direct appeal, the Ninth Circuit affirmed this court's judgment in part, reversed in part, and remanded. (Ninth Cir. Mandate (Docket No. 1624).)  The Ninth Circuit's mandate directs this court to vacate the conviction and sentence only on count two for use of a firearm during a crime of violence under § 924(c). (Id. at 6.)  In addition, "because vacatur of the first § 924(c) conviction affects the treatment of any 'second or subsequent' § 924(c) convictions," the mandate requires resentencing on count five for Huynh and count seven for Lattanaphom. (Id.)  Defendants' sentences of life imprisonment on count three were not affected by the mandate.

Defendants now move to dismiss all counts charged under § 924(c): counts two, three, five, seven, and nine. (Docket Nos. 1646, 1657.)

///

2

II.  Authority to Consider Defendants' Motion to Dismiss

According to the rule of mandate, when a case has been decided by an appellate court and remanded to the lower court, "whatever was before" the appellate court, "and disposed of by its decree, is considered as finally settled." In re Sanford Fork & Tool Co., 160 U.S. 247, 255 (1895).  The lower court is "bound by the decree as the law of the case, and must carry it into execution according to the mandate." Id.  However, lower courts are free to "consider and decide any matters left open by the mandate." Id. at 256.

In "determining 'what was heard and decided' by the appellate court . . . the lower court may consider the opinion the mandate purports to enforce as well as the procedural posture and substantive law from which it arises." United States v. Kellington, 217 F.3d 1084, 1093 (9th Cir. 2000) (citation omitted).  The "ultimate task" of the lower court is therefore to "distinguish matters that have been decided on appeal, and are therefore beyond the jurisdiction of the lower court, from matters that have not." Id.

In Kellington, following a jury conviction, the defendant moved for judgment of acquittal and for a new trial. Id. at 1091.  The district court granted the motion for judgment of acquittal and denied the motion for new trial as moot. Id. The government appealed the judgment of acquittal and the Ninth Circuit reversed and remanded for entry of judgment and for sentencing. Id. 1091-92.  On remand, defendant renewed his motion for new trial and the district court granted it. Id. at 1092.  The government again appealed and the Ninth Circuit

3

affirmed.  Id. at 1095.  The Ninth Circuit explained that the motion for new trial was never before it and there could "be no implication that, in reversing the judgment of acquittal, the Kellington I court implicitly disposed of the merits of the motion for new trial."  Id. at 1094.  As a result, the district court "did not exceed its authority on remand by reinstating the motion for new trial."  Id. at 1095.

In contrast, in Ernst v. Western States Chiropractic College, 40 Fed. App'x 557, 578 (9th Cir. 2002), the district court denied plaintiff's motion for attorney's fees and defendant's motion to review the jury's punitive damages award for excessiveness on remand on the ground that the Ninth Circuit's mandate "precluded consideration of the motion[s]."  When the parties appealed, the Ninth Circuit found that the district court had "misread the import of Ernst I"--its mandate did not explicitly address attorney's fees or punitive damages and, as a result, "those issues remained open for consideration" by the district court.  Id. at 578-80.  Though "the law of the case and the rule of mandate prevent further consideration of issues already decided, they do not prevent further consideration of an issue that was left undecided and that a party had no obligation to raise in the earlier appeal."  Id. at 580.

Lastly, in EEOC v. Sears, Roebuck & Co., 417 F.3d 789, 796 (7th Cir. 2005), the Seventh Circuit found that the district court had authority to reexamine an issue resolved in an earlier appeal because it reasonably believed there had been a relevant change in the law.  The court made clear that though an issue "conclusively decided by" the court of appeal generally may not

4

be reconsidered by the district court on remand, an "appellate mandate does not turn a district judge into a robot, mechanically carrying out orders that become inappropriate in light of subsequent factual discoveries or changes in the law." Id. at 796 (citation omitted).  "Our decisions do not bind the district court when there has been a relevant intervening change in the law." Id.

In this case, the Ninth Circuit reviewed defendants' convictions on appeal and remanded only for resentencing on one count.  (Ninth Cir. Mandate at 6.)  Despite the validity of the convictions having been in front of the Ninth Circuit, defendants argue that the Supreme Court's intervening case, Johnson v. United States, 135 S. Ct. 2551 (2015), calls into question the constitutionality of 18 U.S.C. § 924(c), under which defendants were sentenced, and provides new grounds for dismissal.  This issue was not briefed by the parties or in front of the Ninth Circuit since Johnson was not decided until two months after the Ninth Circuit filed its memorandum disposition.[1]

Due to the fact that Johnson was not and could not have been considered by the Ninth Circuit on appeal and that defendants reasonably argue that it represents an intervening change in the law, this court finds that it has authority to consider defendants' motion to dismiss.

Furthermore, the court finds defendants' motion to dismiss to be procedurally proper.  Generally, a motion to dismiss must be brought before trial.  Fed. R. Crim. P. 12(b)(3).

---

[1] The Ninth Circuit filed its memorandum on April 29, 2015 (Docket No. 1623) and its mandate on July 17, 2015 (Docket No. 1624).  Johnson was decided on June 26, 2015.

5

However, a motion that the indictment fails to charge an offense or "that the court lacks jurisdiction may be made at any time while the case is pending." Id. at 12(b)(2)-(3). A "case is no longer 'pending' within the meaning of Rule 12(b) after the judgment becomes final." United States v. Rios-Hernandez, Cr. No. 3:93-00091 HDM, 2013 WL 4857952, at *1 (D. Nev. Sept. 10, 2013); see also, United States v. Valadez-Camarena, 402 F.3d 1259, 1261 (10th Cir. 2005) (finding defendant's case was no longer pending since it had been "reduced to judgment, affirmed on appeal, and rejected for certiorari review"). Defendants' case has been remanded to this court for resentencing and is therefore still pending.

III. *Johnson v. United States*

In Johnson, the Supreme Court recently held that the language in the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e), is facially void for vagueness. 135 S. Ct. at 2557. The "void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357 (1983). "It is a fundamental tenet of due process that '[n]o one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes.'" United States v. Batchelder, 442 U.S. 114, 123 (1979) (citation omitted). This principle applies to both vague criminal statutes and vague sentencing provisions. Id.

The ACCA provides sentence enhancements for any person

6

who illegally ships, possesses, or receives firearms and has three or more earlier convictions for a "serious drug offense" or "violent felony."  18 U.S.C. § 924(e)(1).  The Act defines the term "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

Id. § 924(e)(2)(B) (emphasis added).

In Johnson, the Court found that the residual clause, underscored above, "both denies fair notice to defendants and invites arbitrary enforcement by judges."  135 S. Ct. at 2557.  The Court explained that "[t]wo features of the residual clause conspire to make it unconstitutionally vague."  Id.  First, it "ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements."  Id.  The court must use a categorical approach, picturing in abstract terms whether the kind of conduct ordinarily involved in the crime presents a serious potential risk of physical injury.  Id.  The Supreme Court questioned how one goes "about deciding what kind of conduct the 'ordinary case' of a crime involves"--does the ordinary instance of witness tampering, for example, involve offering a witness a bribe or threatening a witness with violence?  Id.  Does attempted burglary consist of an armed would-be burglar being spotted by a

7

homeowner who may give chase, thus giving rise to a potentially violent encounter?  Or does it consist of an occupant yelling, "Who's there?" from the window and the burglar running away?  Id. at 2558.  The Court concluded that the "residual clause offers no reliable way to choose between these competing accounts of what" the ordinary crime involves.  Id.

Second, it is unclear from the residual clause "how much risk it takes for a crime to qualify as a violent felony." Id.  There is uncertainty in how to apply the "serious potential risk" standard to a judge-imagined abstraction, rather than real-world facts.  Id.  Furthermore, there is also indeterminacy in interpreting "serious potential risk" in light of the four enumerated crimes--burglary, arson, extortion, and crimes involving the use of explosives.  Id.  These offenses are "far from clear in respect to the degree of risk each poses."  Id. (citation omitted).

IV. Application of *Johnson* to 18 U.S.C. § 924(c)

Existing authority in the Ninth Circuit compels this court to extend Johnson to the residual clause of 18 U.S.C. § 924(c), a portion of the federal statute with language similar to that of the ACCA residual clause.  Like the ACCA, § 924(c) provides sentence enhancements for any person who, "during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm."  18 U.S.C. § 924(c)(1)(A).  The statute defines "crime of violence" as a felony that:

8

```
        (A) has as an element the use, attempted use, or
        threatened use of physical force against the person or
        property of another, or
        (B) that by its nature, involves a substantial risk
        that physical force against the person or property of
        another may be used in the course of committing the
        offense.
```

Id. § 924(c)(3) (emphasis added).

As with the ACCA, in deciding whether a crime is encompassed by the § 924(c) residual clause, the court must apply a categorical approach. United States v. Amparo, 68 F.3d 1222, 1224 (9th Cir. 1995). "This categorical approach is in contrast to the circumstantial or case-by-case method that requires the district court to inquire into the facts of the particular case." United States v. Mendez, 992 F.2d 1488, 1490 (9th Cir. 1993). Thus, the court must undertake the ambiguous task of deciding what kind of conduct the ordinary case of a crime involves.

The court also faces similar difficulties in determining what degree of risk is "substantial" under the § 924(c) residual clause. As the Court in Johnson discussed with regard to the interpretation of "serious potential risk" under the ACCA, the § 924(c) residual clause requires the court to apply an imprecise standard to a judicial abstraction of a crime.

The Court made it clear in Johnson that it was not invalidating all "criminal laws that use terms like 'substantial risk,' 'grave risk,' and 'unreasonable risk.'" 135 S. Ct. at 2561. It noted that most criminal statutes do not link "a phrase such as 'substantial risk' to a confusing list of examples." Id. However, the Court also emphasized that the ACCA residual clause was distinguishable because most criminal statutes "require

9

gauging the riskiness of conduct in which an individual defendant engages on a particular occasion." Id. While the § 924(c) residual clause does not include a confusing list of examples, it does require the assessment of riskiness in isolation from any particularized facts or conduct.

The application of Johnson to § 924(c) is also supported by the Ninth Circuit's recent decision, Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015). In Dimaya, a lawful permanent resident sought review of the Board of Immigration Appeals' determination that a conviction for burglary is categorically a "crime of violence" as defined by 8 U.S.C. § 1101(a)(43)(F). Id. at 1111. That statute defines a "crime of violence" by reference to 18 U.S.C. § 16, which contains identical language to that in the § 924(c) residual clause.[2] The Ninth Circuit held that this definition of a crime of violence "suffers from the same indeterminacy as" the ACCA's residual clause at issue in Johnson and, as a result, "is also void for vagueness." Id. at 1111. Thus, the Ninth Circuit reviewed language identical to that at issue in this case and found that it was unconstitutionally vague.

---

[2] The statue at issue in Dimaya defines a "crime of violence" as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. 16.

Judge Callahan dissented from the Dimaya opinion, reasoning that Johnson "does not infect 18 U.S.C. § 16(b)--or other statutes--with unconstitutional vagueness." Dimaya, 803 F.3d at 1120.  Unlike the ACCA, Judge Callahan argued § 16(b) does not have the same list of confusing examples and has not "proven to be unworkably vague." Id. at 1127-29.  To the contrary, the Supreme Court established over a decade ago that § 16(b) covers offenses that naturally involve a person "acting in disregard of the risk" that physical force might be used against another in committing the offense. Id. at 1129.  Furthermore, the Court in Johnson made clear that it did not intend to abandon the categorical approach altogether because there were good reasons for adopting this approach, "one of which is the 'utter impracticability of requiring a sentencing court to reconstruct, long after the original conviction, the conduct underlying that conviction.'" Id. at 1127 (quoting Johnson, 135 S. Ct. at 2562).  She concluded by stating: "I fear that we have again ventured where no court has gone before and that the Supreme Court will have to intervene to return us to our proper orbit." Id. at 1129.  Despite Judge Callahan's dissent, the Ninth Circuit recently denied respondent's petition for rehearing en banc.  As a result, the Dimaya opinion is final and this court must recognize it as binding precedent.

The Ninth Circuit is not alone in extending the reach of Johnson.  In United States v. Vivas-Ceja, 808 F.3d 719, 720 (7th Cir. 2015), the Seventh Circuit similarly held that "§ 16(b) is materially indistinguishable from the ACCA's residual clause" and "it too is unconstitutionally vague according to the

11

reasoning of Johnson."  The court found that § 16(b) "requires the identical indeterminate two-step approach" as the ACCA residual clause: the court must first determine what constitutes the "ordinary case" of a crime and then how much risk qualifies as "substantial" without any guidance from the statute.  Id. at 722-23.

The Ninth Circuit has yet to rule specifically on the constitutionality of the § 924(c) residual clause or the application of Johnson and Dimaya to that statute.  However, just last week, Judge Orrick in the Northern District of California, in a well-reasoned decision held that the § 924(c) residual clause "cannot stand under Johnson."  United States v. Bell, Cr. No. 15-00258 WHO, 2016 WL 344749, at *12 (N.D. Cal. Jan. 28, 2016).  Judge Orrick found that the "core of the Johnson II analysis is focused on the indeterminacy created by application of the categorical approach to the broad language of the ACCA residual clause."  He concluded that the analysis of Johnson, Dimaya, and Vivas-Ceja must be applied "with equal force" to the § 924(c) residual clause.  Id.

This court recognizes that many districts outside of the Ninth Circuit have declined to extend Johnson to the § 924(c) residual clause.  However, none of those courts are bound by the Ninth Circuit and its decision in Dimaya.  For example, the Eastern District of Virginia denied defendant's motion to dismiss several counts on the grounds that § 924(c) is unconstitutionally vague after Johnson.  United States v. Hunter, Cr. No. 2:12-124 RAJ, 2015 WL 6443084, at *2-3 (E.D. Va. Oct. 23, 2015).  The court held that the "ACCA had faced significantly more confusion

in the lower courts, was a much broader clause than § 924(c), and required courts to analyze conduct outside of that conduct required for the charged offense." Id. at *2. It concluded that the Supreme Court did not intend for Johnson to invalidate the residual clause of § 924(c). Id. However, the court also recognized that the "Ninth Circuit very recently came to the opposite conclusion on the Johnson question in Dimaya v. Lynch." Id. at *3; see also, United States v. Tsarnaev, Cr. No. 13-10200 GAO, 2016 WL 184389, at *13 (D. Mass. Jan. 15, 2016) (finding that Johnson does not require the conclusion that § 924(c)'s residual clause is unconstitutionally vague); United States v. Lusenhop, Cr. No. 1:14-122 SSB, 2015 WL 5016514, at *3 (S.D. Ohio Aug. 25, 2015) ("Nothing in Johnson reasonably suggests that if presented with the question, the Supreme Court would conclude that Section 924(c)(3)(B) is unconstitutionally vague."); United States v. Prickett, Cr. No. 3:14-30018 PKH, 2015 WL 5884904, at *2–3 (W.D. Ark. Oct. 8, 2015) (finding that the court need not engage in a categorical analysis to ensure consistent application of § 924(c) and therefore Johnson is inapplicable); United States v. Checora, Cr. No. 2:14-457 DAK, 2015 WL 9305672, at *8-9 (D. Utah Dec. 21, 2015) (finding that the language of § 924(c) differs in significant respects from the ACCA residual clause).

The only binding authority in the Ninth Circuit compels this court to find § 924(c) void for vagueness. The Dimaya court extended Johnson to a statute with identical language as that in the § 924(c) residual clause and cannot be distinguished. Accordingly, this court must reach the same conclusion as Judge Orrick and find the § 924(c) residual clause unconstitutional.

IT IS THEREFORE ORDERED that defendants' motion to dismiss counts two, three, five, seven, and nine of the Indictment be, and the same hereby is, GRANTED.

Dated:  February 1, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE